## Culbertson's Estate.

150

*William J. Brady* and *Henry D. O'Connor,* for the proponent.
*Bernard J. O'Connell* and *Nathan Griffith,* for the contestants.

VAN DUSEN, J., Oct. 3, 1930.—The Presiding Judge is the one to determine questions of fact, and we all agree with him in his disposition of the case.

The new evidence does not tend to prove that the writing in question is decedent's will. This writing was signed by mark, and it was all demonstrably in the handwriting of the alleged forger, who, however, alleged that the signatures of the witnesses were genuine. The validity of the will depended on these signatures. These witnesses were dead when the will was proved before the Register, and the witnesses who proved their signatures before the Register were dead at the time of the hearing in this court. No other witnesses were called to prove the signatures of the original witnesses. The Presiding Judge found on a comparison with genuine signatures that one of the signatures of the witnesses to the will was false. The will thus falls without any resort to the testimony of Augustus Culbertson, the forger.

His story was, however, corroborated in a great number of particulars which are detailed in the prior opinions, and none of which are affected by the new evidence. Exhibit 1-*a* does not corroborate him, for he might have made it at any time as well as at the time he wrote the will. If Augustus did not write it at all, then his statement that he did may be the result of inadvertence, or of the exuberance of a penitent eager to make his confession convincing as well as complete, or it may be a plain lie. The conclusion from this is that his character and situation were such that his story was not to be accepted without corroboration, which the contestants have always conceded. But that corroboration remains as it was before, and was abundant; and so fortified, the testimony of Augustus gives the explanation and circumstances of what was demonstrated without him, namely, that the will was false.

The exceptions to the opinion of the presiding judge dated June 9, 1930, are dismissed, and his decree dated Nov. 14, 1929 [13 D. & C. 171], sustaining the appeal and revoking letters testamentary is reaffirmed and all exceptions filed thereto are dismissed. In accordance with the mandate of the Supreme Court, the clerk is now directed to return the record to the Supreme Court for its further action.

LAMORELLE, P. J., did not sit.